UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDUARDO SOSA LEON,

    Plaintiff,

v.                                         Case No. 8:23-cv-2114-WFJ-SPF

MARTIN O'MALLEY,
Commissioner of the
Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). As the agency employed the proper legal standards, the undersigned recommends the Commissioner's decision be affirmed.

**I.**

**A.**    **Procedural Background**

Plaintiff applied for a period of disability, DIB, and SSI (Tr. 469-82). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 226-47, 250-83). Plaintiff then requested an administrative hearing (Tr. 284-85). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 106-35). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and denied Plaintiff's claims for benefits (Tr. 194-214). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council granted, because

the ALJ admitted medical evidence into the record post-hearing that was not proffered to Plaintiff (Tr. 216). The Appeals Council vacated the ALJ's first decision, remanded the case for a second administrative hearing, and directed the ALJ to proffer the evidence to Plaintiff beforehand (*Id.*). The ALJ did so (Tr. 72-105). Following a second administrative hearing, the ALJ again denied Plaintiff's claims for benefits (Tr. 10-36). Plaintiff appealed and submitted evidence to the Appeals Council of job-numbers estimates for those jobs that the ALJ determined were available in significant numbers in the national economy and Plaintiff could perform (Tr. 53-71). The Appeals Council considered this evidence but found it "does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2). It upheld the ALJ's decision, rendering it the Commissioner's final decision for judicial review. Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

  **B.**  **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1984, claimed disability beginning December 31, 2019 (Tr. 16, 28). Plaintiff is a lawful permanent resident who emigrated from Cuba in 2007 (Tr. 488). He attended elementary school in Cuba but dropped out after the fourth grade (Tr. 83). He testified through a Spanish interpreter that he cannot read or write in English or Spanish (Tr. 22). Plaintiff has past relevant work experience as a granite installer, tile setter, cable installer, and janitor, all jobs performed at either the heavy or very heavy exertion level (Tr. 28). Plaintiff alleged disability due to back pain (Tr. 520).

In rendering the second administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2024 and had not engaged in

substantial gainful activity since December 31, 2019, the alleged onset date (Tr. 19). After conducting a second hearing and reviewing the evidence of record, the ALJ determined Plaintiff had these severe impairments: cervical spine and lumbar spine degenerative disc disease, borderline intellectual functioning, depressive disorder, bipolar I disorder, and generalized anxiety disorder (Tr. 19). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*Id.*). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> [T]he claimant is limited to no more than occasional climbing of all kinds – ladders, ropes and scaffolds, ramps and stairs; occasional stooping and crawling; he can frequently kneel and crouch; can frequently handle and finger with the right upper extremity; he is able to understand and complete simple and complex instructions, can perform simple and complex tasks, and can make simple and complex decisions in the context of a work environment where he is familiar and has experience; new learning is limited to simple and complex tasks that would be consistent with SVP 1, 2, and 3; he would be precluded from work in fast-paced production environments, and this includes by example only, assembly-line and work paid at a piece rate; and, the claimant is limited to workplace with routine changes, and no more than routine workplace changes.

(Tr. 21). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 22).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE") the ALJ determined Plaintiff could not perform his past relevant work (Tr.

3

28). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as marker, photocopying machine operator, and router (Tr. 29). Based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 30).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity for any medically determinable physical or mental impairment that will likely result in death or that has lasted or will likely last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the

claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. Review is thus limited

to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff advances one argument: "Substantial evidence does not support the Commissioner's step five finding that jobs exist in significant numbers in the national economy that Plaintiff can perform." (Doc. 19 at 1). The Commissioner counters that the ALJ properly relied on the VE's testimony regarding job numbers (Doc. 20). After reviewing the record and the parties' briefs, the undersigned recommends the Commissioner's decision be affirmed.

Setting this case apart from other step five cases is what Plaintiff does *not* argue. Plaintiff does not argue that the three jobs the VE culled from the Dictionary of Occupational Titles ("DOT") – marker, photocopying machine operator, and router – are inconsistent with his RFC (indeed, he does not challenge his RFC).[1] Plaintiff agrees the VE's methodology of approximating job numbers by using a software program known as JobBrowser Pro from SkillTRAN is sound.[2] And he agrees that the ALJ was entitled to

---

[1] In deciding if a job exists in sufficient numbers in the national economy, the agency does not tally the number of job openings at a given time, but rather calculates an approximate number of positions that exist. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020). In addition to relying on a VE's testimony, an ALJ may also take administrative notice of job information available from governmental publications like the Dictionary of Occupational Titles ("DOT"), published by the Department of Labor. 20 C.F.R. §§ 404.1566, 416.966.

[2] At the administrative hearing, Plaintiff's representative questioned the VE about JobBrowser Pro and how he used the software to generate job-number estimates (Tr. 100-02).

rely on the VE's testimony. Instead, he argues that the VE inaccurately quoted the job-numbers estimate from JobBrowser Pro for two of the jobs, photocopying machine operator (6,188 jobs rather than the 9,767 jobs the VE testified to) and router (25,152 jobs instead of 34,924). According to Plaintiff, this error cracks the substantial evidence foundation that supports the ALJ's decision, and the Court is precedent-bound under *Viverette v. Commissioner of Social Security*, 13 F.4th 1309, 1317 (11th Cir. 2021), and *Goode v. Commissioner of Social Security*, 966 F.3d 1277, 1280 (11th Cir. 2020), to remand the case to the agency to consider the correct job numbers and determine if they are significant for step five purposes. Plaintiff does not dispute there are 136,785 marker jobs available nationally.

Assuming Plaintiff is correct that the VE inaccurately quoted the number of photocopying machine operator and router jobs (the Commissioner appears to concede this), the context of Plaintiff's argument matters. A hearing before the ALJ is not an adversary proceeding, and the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This obligation exists even if the claimant is represented by counsel. *Id*. The claimant, however, "bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant may present evidence at each stage of the administrative process. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). If a claimant presents evidence after the ALJ's decision, the AC must consider it if it is new, material, and chronologically

7

relevant.  20 C.F.R. § 416.1470(b); *see also Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015).

Evidence is material if a reasonable possibility exists that it would change the administrative result.  *Washington*, 806 F.3d at 1321.  New evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 416.1470(b).  Merely acknowledging that the claimant submitted new evidence is not sufficient; the AC must grant the petition for review if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence," including the new evidence.  *Ingram*, 496 F.3d at 1261 (quotation marks omitted); *see also Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 800-01 (11th Cir. 2008) (*per curiam*).  But the AC is not required "to provide a detailed discussion of a claimant's new evidence when denying a request for review."  *Mitchell v. Comm'r of Soc. Soc.*, 771 F.3d 780, 783 (11th Cir. 2014).  A claimant seeking remand under sentence four of 42 U.S.C. § 405(g) "must show, in light of the new evidence submitted to the AC, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole."  *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013).

Here, the ALJ was not privy to the corrected job numbers before he issued his decision.  Instead, Plaintiff submitted the evidence to the Appeals Council (*see* Tr. 53-71) *after* the ALJ's decision.  The Appeals Council considered the information, found it "does not show a reasonable probability that it would change the outcome of the decision[,]" and denied Plaintiff's request for review (Tr. 2).  In his brief, however, Plaintiff does not frame his argument as a challenge to the Appeals Council's decision; he argues the ALJ

relied on "erroneous vocational witness testimony," and that this error was not harmless (Doc. 19 at 12).

In *Ingram*, the Eleventh Circuit analyzed *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998), to winnow holding from dicta. 496 F.3d at 1264. The *Ingram* court found: "We understand *Falge* to hold that when a claimant challenges the administrative law judge's decision to deny benefits, but not the decision of the Appeals Council to deny review of the administrative law judge, we need not consider evidence submitted to the Appeals Council." *Id.* at 1266. At first glance, *Ingram*'s clarification of *Falge*'s holding favors the Commissioner and appears to dispose of Plaintiff's appeal. *Cf. Bacon v. Comm'r of Soc. Sec.*, 861 F. App'x 315, 320 (11th Cir. 2021) (citing *Falge* and finding substantial evidence supported ALJ's step five finding about availability of jobs, despite plaintiff's suggestion in district court and on appeal that evidence *not submitted to either ALJ or Appeals Council* might show VE overestimated job numbers).

But in his Reply, Plaintiff counters:

> The Commissioner concludes . . . "[T]he ALJ was entitled to rely on the VE's uncontradicted testimony." (ECF No. 20, at 7). *Agreed, the ALJ was, but the Appeals Council was not.* The JBP printouts submitted to the Appeals Council directly contradicted the vocational witness' testimony. The Commissioner states the Appeals Council reasonably denied review. *Id.* However, no argument is cited in support of this proposition.

(Doc. 21 at 2) (emphasis added). Although Plaintiff does not argue the job number estimates he submitted to the Appeals Council are new, material, and chronologically relevant – the legal standard a plaintiff must meet to prevail on such a challenge – the

9

Court construes Plaintiff's Reply as a challenge to the Appeals Council's decision, akin to *Ingram*.

The issue becomes whether Plaintiff has shown "in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1266-67). Plaintiff has not met this burden, because he overlooks that the Appeals Council reviewed the new evidence and found it "does not show a reasonable probability that it would change the outcome of the decision." (Tr. 2). In other words, to the Appeals Council, the corrected job number estimates were not material evidence that undermined the substantial evidence supporting the ALJ's decision. *See Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 784-85 (11th Cir. 2014).

Plaintiff analogizes his case to *Goode*, 966 F.3d at 1281-82, where the Eleventh Circuit vacated the district judge's order and remanded the case to the Commissioner because "[t]he vocational expert's testimony as to available jobs, on which the ALJ relied, was significantly and admittedly flawed." The Eleventh Circuit reached this holding for two reasons: First, the VE used the wrong code to determine whether there were a significant number of jobs in the national economy the plaintiff could perform, and second, the methodology the VE used to approximate job numbers from the wrong code substantially overstated the number of available jobs the plaintiff could perform. *Id*. In *Goode*, the plaintiff made several attempts during her hearing to question the VE about his flawed testimony and his credibility, but the ALJ cut the questioning short. *Id*. at 1284.

10

*Goode* is distinguishable. Here, Plaintiff questioned the VE at length about his methodology but ultimately did not object to it. And Plaintiff does not argue the VE used incorrect job codes. In fact, the *Goode* court references JobBrowser Pro – which the VE consulted in this case – as an acceptable methodology for estimating job numbers when combined with the VE's knowledge and expertise. *Id*. at 1284.

Plaintiff also relies on *Viverette*, 13 F.4th at 1317. Extrapolating from *Washington v. Commissioner of Social Security*, 906 F.3d 1353, 1356 (11th Cir. 2018), in which the Eleventh Circuit held that ALJs have "an affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT and resolve them[,]" *see also* SSR 00-4p, 2000 WL 1765299 (Dec. 4, 2000), the *Viverette* court held there is an apparent conflict the ALJ must address between an RFC limitation to simple, routine, and repetitive tasks and jobs with level three reasoning. The apparent conflict in *Viverette* eliminated over 80 percent of the jobs the VE presented to the ALJ, who "apparently treated the three occupations (one of which we must here assume is off the table) cumulatively for purposes of the 'significant numbers' determination, for she did not make any findings about how many jobs were available in the national economy for each of the occupations." *Id.* Put differently, in *Viverette*, the ALJ did not make a finding about how many of the reasoning level one jobs of final assembler and check weigher were available in the national economy or whether they separately or cumulatively constituted a significant number without the reasoning level three job. To the Eleventh Circuit, this was not harmless error. *Id*.

11

Although the dust is still settling around *Viverette*,[3] it is not on all fours with Plaintiff's case. To be sure, Plaintiff's step five argument is a twist on the usual post-*Viverette* appeal because Plaintiff does not identify an apparent conflict between the VE's testimony and the DOT, he does not challenge the VE's methodology, and he appears to concede that the ALJ reasonably relied on the VE's testimony. But even more, Plaintiff's case is a step removed from *Viverette*: here, the Appeals Council – faced with the corrected job numbers (total estimate of 168,125 between the three jobs) – found this evidence did not impact the administrative decision; the ALJ's significant-numbers determination held. This is the agency-level fact determination *Viverette* was missing. *See* 13 F.4th at 1317 ("[w]hether there are a significant number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by a judicial officer [*i.e.*, the ALJ]."). Significantly, the Eleventh Circuit has determined that job numbers far below the 168,125 total jobs available here have satisfied the significant-numbers threshold. *See Allen v.*

---

[3] *Compare Dionne v. Comm'r of Soc. Sec.*, No. 8:21-cv-2962-SCB-SPF, 2023 WL 1452201, at *10-11 (Jan. 13, 2023) (collecting cases and recommending remand under *Viverette* where ALJ did not make independent finding that individual jobs existed in significant numbers, and at least one job was eliminated due to an apparent conflict), *report and recommendation adopted*, 2023 WL 1441821 (M.D. Fla. Feb. 1, 2023); *Rodriguez v. Kijakazi*, No. 8:20-cv-1232-WFJ-SPF, 2021 WL 6127795, at *3-4 (M.D. Fla. Nov. 2, 2021) (same), *report and recommendation adopted*, 2021 WL 6126964 (M.D. Fla. Dec. 27, 2021); *Ledford v. Comm'r of Soc. Sec.*, No. 8:20-cv-2516-JSM-SPF, 2022 WL 2195001, at *4-5 (M.D. Fla. June 1, 2022) (same), *report and recommendation adopted*, 2022 WL 2193158 (June 17, 2022*); Grech v. Kijakazi*, No. 8:20-cv-1254-SPF, 2022 WL 485111, at *6 (M.D. Fla. Feb. 17, 2022) (same); *and Cannon v. Kijakazi*, No. 8:21-cv-2589-CPT, 2023 WL 2706735, at *6 (Mar. 30, 2023) (same); *with Thomas v. O'Malley*, CV623-001, 2024 WL 996745, at *4-5 (S.D. Ga. Feb. 15, 2024) (collecting cases and deciding the Eleventh Circuit "left the door open" for lower courts to evaluate whether remaining jobs exist in significant numbers, rendering the ALJ's error harmless); *and Hay v. Kijakazi*, No. 20-CV-62288-STRAUSS, 2023 WL 8719154, at *11 (S.D. Fla. Dec. 17, 2023) (same).

*Bowen,* 816 F.2d 600, 602 (11th Cir. 1987) (80,000 positions); *Valdez v. Comm'r of Soc. Sec.,* 808 F. App'x 1005, 1010 (11th Cir. 2020) (78,000 positions).

## IV.

It is **RECOMMENDED**:

1. The Commissioner's decision be affirmed; and

2. The Clerk be directed to enter final judgment for Defendant and close the case.

IT IS SO REPORTED in Tampa, Florida, on August 2, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.